*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1887**

In the Matter of the Welfare of: D. A. K., Child.

**Filed June 29, 2015
Reversed
Reilly, Judge**

Blue Earth County District Court
File No. 07-JV-14-836

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Patrick R. McDermott, Blue Earth County Attorney, Mankato, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant D.A.K.)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant D.A.K. challenges the district court's order requiring him to register as a sex offender, arguing that the complaint's sex-related offenses were dismissed pursuant to a plea agreement and did not "arise from the same set of circumstances" as the offenses to which appellant pleaded guilty. Because we determine that the district court erred, we reverse.

# FACTS

On March 1, 2014, appellant, who was 15 years old, sold narcotics to a person under the age of 18. The minor purchased two clear capsules of what he believed to be LSD. On March 7, the minor ingested one of the pills and the minor's girlfriend, C.M., ingested the other pill. After ingesting the drugs, C.M. began seizing and died. On March 11, law enforcement officers executed a search warrant and discovered drugs and drug paraphernalia in appellant's bedroom. The Minnesota Bureau of Criminal Apprehension later confirmed that the capsules contained a controlled substance. The state filed a petition charging appellant with one count of a second-degree controlled-substance crime in violation of Minn. Stat. § 152.022, subd. 1(5) (2012).

Following C.M.'s death, numerous other individuals divulged to law enforcement officers that they also had purchased drugs from appellant. One individual, A.S., a minor, told law enforcement that between December 2013 and February 2014, she engaged in oral sex and sexual intercourse with appellant in direct exchange for drugs. A.S. stated that, on at least one occasion, appellant video recorded the sex acts. Law enforcement officers searched appellant's cell phone and computer hard drive and found pornographic materials, including 15 nude still images of A.S. and one 30-minute video of A.S. performing oral sex on appellant.

The state amended the petition to include 1 count of second-degree controlled-substance crime, 16 counts of third-degree controlled-substance crimes, 1 count of fifth-degree controlled-substance crime, 1 felony count of using a minor in a sexual performance or pornographic work, and 1 felony count of possessing pornography

2

involving a minor. The state later filed a second amended petition adding a count of third-degree murder in violation of Minn. Stat. § 609.195(b) (2012) for C.M.'s death.

The district court designated the matter as an extended juvenile jurisdiction prosecution pursuant to an agreement between the parties. Appellant entered a plea of guilty to one count of murder in the third-degree and two counts of selling controlled substances to minors. The state dismissed the remaining charges in exchange for appellant's guilty plea. As part of the sentence the district court ordered appellant to register as a sex offender. Defense counsel objected to the registration requirement. This uncontested appeal followed.

### D E C I S I O N

Appellant challenges the district court's order requiring him to register as a sex offender, arguing that registration is unnecessary because the sex-related offenses did not arise from the same set of circumstances as the controlled-substance offenses. Whether a statute or a provision of the sentencing guidelines has been properly construed is a question of law subject to de novo review. *State v. Zeimet*, 696 N.W.2d 791, 793 (Minn. 2005). "The object of statutory interpretation is to determine and effectuate legislative intent." *Id*.

Following the discovery of evidence that appellant gave drugs to A.S., a minor, in direct exchange for sex and possessed still pornographic photographs and a video of A.S. engaged in a sexual performance, the state charged appellant with one felony count of using a minor in a sexual performance or pornographic work in violation of Minn. Stat. § 617.246, subd. 2 (2012), and one felony count of possessing pornography involving a

3

minor in violation of Minn. Stat. § 617.247, subd. 4(a) (2012).  Minnesota law mandates

that an individual "shall register" as a predatory offender if he is

> charged with or petitioned for a violation of . . . using a minor
> in a sexual performance in violation of section 617.246; or
> possessing pornographic work involving a minor in violation
> of section 617.247, and convicted of or adjudicated
> delinquent for that offense or another offense arising out of
> the same set of circumstances.

Minn. Stat. § 243.166, subd. 1b(a)(2) (2012).

The district court determined that predatory registration was appropriate even

though the sex-related offenses were dismissed, stating: "once the charge is made –

which is what it was in this case, that would cause the registration."  Appellant contests

this determination on appeal, arguing that the sex offenses did not "arise from the same

set of circumstances" as the murder and controlled-substance offenses to which he

entered a guilty plea.

Appellant relies primarily on *State v. Lopez*, where the supreme court determined

that an offender's controlled-substance conviction did not arise from the same set of

circumstances as a later-dismissed kidnapping charge, precluding the predatory offender

registration requirement.  778 N.W.2d 700, 706-07 (Minn. 2010).  *Lopez* articulated that

the "same set of circumstances" provision requires registration "where the same general

group of facts gives rise to both the conviction offense and the charged predatory

offense."  *Id*. at 706.  Thus, while the conviction offense "need not be based on identical

facts" to the charged crime, the circumstances underlying both offenses must overlap

with regard to "time, location, persons involved, and basic facts."  *Id*.  The *Lopez* court

determined that the "same set of circumstances" test was not satisfied where different circumstances gave rise to each charge, where charges were based on events that occurred ten days apart, in different locations, and involving slightly different groups of people. *Id.*

Here, the district court did not make specific factual findings that the sex offenses arose from the same set of circumstances as the controlled-substances offenses to which appellant pleaded guilty. Instead, the district court's decision was based on its understanding that "once the charge is made . . . [it] would cause the registration." The district court's statement, without more, ignores the principle expressed in *Lopez*, that registration is not required "in every case where a predatory offense is charged." *Id.* at 705. Registration is also not required when the predatory offense and the conviction offense merely arise from "related circumstances." *Id.* at 706.

Here, appellant was in possession of pornographic materials capturing sexual acts by a minor. The photographs and the video document sexual acts by A.S. that occurred between December 2013 and February 2014. The third-degree murder charge arose out of the death of C.M. on March 10, 2014. The two controlled-substance crimes involve the sale of narcotics to A.B. on March 7, and to T.K. in late February 2014, after the sexual acts involving A.S. While each of these offenses is related to the sale of an illegal substance, they do not arise from the "same set of circumstances," given the time lapse between the events, the different individuals involved, and the "basic facts" of each incident. *Id.* Consequently, we conclude that the district court erred by requiring appellant to register as a predatory offender where the enumerated sexual offense charges

5

did not arise from the same set of circumstances as the charges for which appellant entered a plea of guilty.

**Reversed.**